IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

IN RE: §
    **Jocelyn Aguayo Bujanda** §
         § CASE NO. **10-32448**
         §
    Debtor(s) § Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

## Plan Summary

A.    The Debtor's plan payment will be $ **511.00** per month, paid by ■ Pay Order or ☐ Direct Pay, for **60** months. The gross amount to be paid into the plan is $ **30,660.00**.

B.    The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **15** % of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.    The value of the Debtor's non-exempt assets is **0.00**.

D.    If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

■ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| **-NONE-** | | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

## IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **G.E.C.U.**<br>**2006 Land Rover LR3** | **18,556.00** | **18,556.00** | **Prorata** | **6.80** | **22,081.66** | |

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on* __November 18, 2010__ *."*

**/s/ Jocelyn Aguayo Bujanda**
**Jocelyn Aguayo Bujanda**
Debtor

## V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI (2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien--e.g. judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

# VI. Specific Treatment for Payment of Allowed Claims

## 1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS. INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS

    **A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, *must* be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| **-NONE-** | | | |

    B. Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to be Surrendered |
|---|---|
| **Kawasaki**<br>**2008 Kawasaki Ninja - to surrender.** | **2008 Kawasaki Ninja - to surrender.** |

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

    **A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the Debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| **Cheryl S. Lay-Davis** | **3,000.00** | **Along With** | **Attorney Fees** |
| **Filing Fees** | **274.00** | **Along With** | **Filing Fees** |

    **B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

    **C.** Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

Form 11/7/05

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com     Best Case Bankruptcy

**D.** Cure claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| -NONE- | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the Debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| G.E.C.U. 2006 Land Rover LR3 | 18,556.00 | 18,556.00 | Prorata | 6.80 | 22,081.66 | |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed). *Describe treatment for the class of general unsecured creditors.*

| Creditor | Estimated Amount of Debt | Remarks |
|---|---|---|
| *Kawasaki | 3,409.00 | |
| ATTORNEY GENERAL OF TEXAS | 0.00 | |
| Capital One | 410.00 | |
| Credit First NA/Firestone | 842.00 | |
| G.E.C.U. | 532.00 | |
| GEMB/Gap | 0.00 | |
| Household Bank, N.A. | 3,409.00 | |
| HSBC Bank | 1,208.00 | |
| HUD/FHA | 0.00 | |
| INTERNAL REVENUE SERVICE | 0.00 | |
| Margarita Polan | 0.00 | |
| Margarita Polan | 0.00 | |
| Progressive County Mutual Insurance | 221.00 | |
| T-Mobile, Bankruptcy | 725.00 | |
| U.S. ATTORNEY/FHA/HUD/VA/IRS | 0.00 | |
| UNITED STATES TRUSTEE | 0.00 | |
| VETERANS ADMINISTRATION | 0.00 | |
| Wells Fargo Bank | 841.00 | |
| Wells Fargo Bank | 0.00 | |
| Wells Fargo Card Services | 2,817.00 | |
| Wells Fargo Card Services | 0.00 | |
| Wells Fargo Servicing Center | 2,756.00 | |

*Indicates the unsecured portion of a Secured Claim, the nonpriority portion of a Priority Claim, or the full amount of an avoided Secured Claim.

Totals:

| | |
|---|---|
| Administrative Claims | 3,274.00 |
| Priority Claims | 0.00 |
| Arrearage Claims | 0.00 |
| Cure Claims | 0.00 |
| Secured Claims | 18,556.00 |
| Unsecured Claims | 17,170.00 |

Form 11/7/05

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

**Special Intentions:**
**Kawasaki: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

**TAX REFUNDS:  The Debtor(s) will be allowed to retain any tax refunds received from Internal Revenue Service to be used for unforeseen emergencies during the life of the plan.**

**1. Unless the plan is a full pay plan of the Debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.**

**2. If any secured proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless it is objected to.  Said claim shall be paid under the plan at 8% interest.  Likewise, if any priority proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to.  Said priority claim shall not be paid with any interest.**

**3.  If a creditor is listed as secured and scheduled to receive pre-confirmation disbursements and post-confirmation payments along with the other secured creditors, but such creditor subsequently files an unsecured claim, then the creditor will not receive any pre-confirmation disbursements and upon confirmation will be paid along with the other unsecured creditors.  The funds that were allocated to such creditor as a pre-confirmation disbursement will be distributed on a pro-rata basis to the other secured creditors.  Similarly, the funds scheduled to be received by such creditor along with other secured creditors upon confirmation will also be distributed to the other secured creditors on a pro-rata basis.**

Respectfully submitted     **November 18, 2010**     .

           **/s/ Cheryl S. Lay-Davis**
           **Cheryl S. Lay-Davis 24002456**
           Attorney for Debtor
           **Leslie & Lay, P.C.**
           **2731-A Montana Ave.**
           **El Paso, TX 79903-3799**
           **915-565-9000 Fax:915-565-9191**
           Address/Phone & Fax Number

**/s/ Jocelyn Aguayo Bujanda**
**Jocelyn Aguayo Bujanda**
Debtor                                                        Co-Debtor
**3500 Sunbowl Dr., #96**
**El Paso, TX 79902**
Address                                                       Address

**ATTACH PROPOSED PAYMENT SCHEDULE, IF AVAILABLE**

Form 11/7/05

# United States Bankruptcy Court
### Western District of Texas

In re  **Jocelyn Aguayo Bujanda**           Case No. **10-32448**
                     Debtor(s)        Chapter **13**

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that the attached Chapter 13 Plan was served on **11/18/10**, on the persons listed below and/or on the attached list, at the addresses listed, by the following method(s): **mail**.

                                               **/s/ Cheryl S. Lay-Davis**
                                               **Cheryl S. Lay-Davis 24002456**
                                               Attorney for Debtor

To:

**Stuart C. Cox**
**Chapter 13 Trustee**
**1760 N. Lee Trevino**
**El Paso, Texas 79936**

**ATTORNEY GENERAL OF TEXAS**
**COLL. DIV/BANKRUPTCY SECTION**
**P.O. BOX 12548**
**Austin, TX 78711**

**Capital One**
**P.O. Box 30281**
**Salt Lake City, UT 84130**

**Credit First NA/Firestone**
**P.O. Box 81315**
**Cleveland, OH 44181**

**El Dorado Apartments**
**3500 Sun Bowl Dr.**
**El Paso, TX 79902**

**G.E.C.U.**
**P.O. Box 20998**
**El Paso, TX 79998**

**G.E.C.U.**
**P.O. Box 20998**
**El Paso, TX 79998**

**GEMB/Gap**
**P.O. Box 981400**
**El Paso, TX 79998-1400**

**Household Bank, N.A.**
**P.O. Box 876**
**Wood Dale, IL 60191-0876**

**HSBC Bank**
**P.O. Box 5253**
**Carol Stream, IL 60197**

**HUD/FHA**
**FEDERAL OFFICE BUILDING**
**1205 TEXAS AVE.**
**LUBBOCK, TX 79401**

**INTERNAL REVENUE SERVICE**
**DEPARTMENT OF TREASURY**
**P.O. BOX 21126**
**PHILADELPHIA, PA 19114**

**Kawasaki**
**Retail Services**
**P.O. Box 15521**
**Wilmington, DE 19850-5521**

**Margarita Polan**
**701 Tayopa**
**El Paso, TX 79932**

**Margarita Polan**
**c/o Juan Carlos Garay, Esq.**
**3402 Montana Ave.**
**El Paso, TX 79903**

**Progressive County Mutual Insurance**
**c/o Credit Collection Services**
**Two Wells Ave.**
**Newton Center, MA 02459**

**T-Mobile, Bankruptcy**
**P.O. Box 37380**
**Albuquerque, NM 87176**

**U.S. ATTORNEY/FHA/HUD/VA/IRS**
**601 N.W. LOOP 410**
**SUITE 600**
**SAN ANTONIO, TX 78216**

**UNITED STATES TRUSTEE**
**P.O. BOX 1539**
**SAN ANTONIO, TX 78295**

**VETERANS ADMINISTRATION**
**OFFICE DISTRICT COUNSEL**
**1400 N. VALLEY MILLS DR.**
**WACO, TX 76799**

**Wells Fargo Bank**
**c/o States Recovery Systems, Inc.**
**P.O. Box 2860**
**Rancho Cordova, CA 95741-2860**

**Wells Fargo Bank**
**P.O. Box 5058**
**MAC: P6053-021**
**Portland, OR 97208-5058**

**Wells Fargo Card Services**
**P.O. Box 29486**
**Phoenix, AZ 85038**

**Wells Fargo Card Services**
**c/o Focus Receivables Management**
**5601 Office Blvd. NE**
**Suite 500**
**Albuquerque, NM 87109**

**Wells Fargo Servicing Center**
**Personal Credit Management**
**MAC Q2132-013**
**P.O. Box 94423**
**Albuquerque, NM 87199-9833**